## Kaylor v. Baran

*George H. Rowley,* for plaintiff.
*Cyril T. Garvey,* for defendant.

RODGERS, P. J., April 10, 1956.—This matter comes before the court on plaintiff's objections to certain interrogatories served on him by defendant under R. C. P. 4006. Plaintiff contends that the answers to the interrogatories could have no possible relevancy. In such a matter we believe the burden is on plaintiff to establish the right to refuse to answer but that: "In applying the concept of relevance, the court is bound by the established principles relating to the relevance of evidence offered at a trial": 5 Anderson Pennsylvania Civil Practice, 277.

The action involved is one of trespass wherein plaintiff asks to recover damages for loss of use of his motor truck during the time necessary to effect repairs. There are three types of interrogatories complained of. Plaintiff first is directed to state in interrogatories

11, 12, 16, 22, 23 and 28, his gross and net income for the year 1954 and to submit Federal income tax returns for that period. It is the opinion of the court that the information here requested can have no possible relevance to the subject matter on the action. Such income figures may be, of course, completely relevant in a personal injury case where one is claiming loss of earnings or reduction of earning power, but here the gross income and net earnings may depend on matters entirely unrelated to this issue and at this time we decline to direct plaintiff to answer.

Interrogatories 24, 25 and 27 should be answered. They pertain to hauling done by plaintiff for the third party in question during the very time plaintiff claims the loss of use of his truck. It is clearly relevant to aid in determining whether or not there was a demand for hauling by the Reed Company and what profit per load was made during that time.

Interrogatories 29 and 30 ask whether plaintiff had I. C. C. or P. U. C. permits for the truck involved in the accident. Our Supreme Court has held that:

" '. . . since the law prohibits under a penalty the doing of business by unlicensed brokers, contracts providing for the payment of commissions to such persons are opposed to good morals and public policy and cannot be enforced' ": Bollinger v. Widmann Brewing Corporation, 339 Pa. 289 at 294.

We believe that there is a possibility that this principle of law may have some application in this case, and therefore, we direct plaintiff to answer.

### Order

And now, April 10, 1956, plaintiff's objections to interrogatories numbered 11, 12, 16, 22, 23 and 28 are sustained and the objections to interrogatories numbered 24, 25, 27, 29 and 30 are overruled and plaintiff is directed to answer the same.